UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 16-CR-644 (SHS) |
| JESUS RODRIGUEZ-JIMENEZ, | OPINION & ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

On August 16, 2018, Judge Katherine B. Forrest sentenced defendant Jesus Rodriguez-Jimenez to 360 months' incarceration after he pleaded guilty to one count of conspiracy to engage in monetary transactions with criminally derived property in violation of 18 U.S.C. 1957(a) and one count of concealment of money laundering in violation of 18 U.S.C. §§ 1956. (J., ECF No. 139.) He is currently serving his sentence at the Federal Correctional Institution in Glenville, West Virginia (FCI Gilmer) and is scheduled to be released in April 2044. (Def.'s Mot. at 6, ECF No. 187.) This case was reassigned from Judge Forrest to this Court on September 13, 2018. Rodriguez-Jimenez now moves for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A).

The compassionate release statute allows a court to grant a sentence reduction for "extraordinary and compelling reasons," upon a defendant's motion, provided the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Rodriguez-Jimenez submitted a request to the warden of FCI Gilmer in mid-August of this year. (Def.'s Mot. at 8, Ex. C, ECF No. 187.) The warden denied his request in mid-September and thus it appears that he has exhausted his administrative rights. (*Id.*)

Rodriguez-Jimenez contends that his pre-existing health conditions, combined with the danger that COVID-19 poses to all inmates, constitute "extraordinary and compelling reasons" to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Courts have recognized that the risks of COVID-19 infection for defendants with pre-existing health conditions can provide extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Graham*, No. 16-CR-786-02, 2020 WL 5604050, at *3 (S.D.N.Y. Sept. 17, 2020); *United States v. Zukerman*, 451 F. Supp. 3d 329, 334-35 (S.D.N.Y. 2020). A finding that a defendant is of "advanced age" or suffers from "serious underlying health conditions that place a defendant at greater risk of negative complications from the disease" strengthens the case for granting a defendant's motion for compassionate release. *See United States v. Nwankwo*, No. 12 CR 31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

As to underlying health conditions, Rodriguez-Jimenez contends that he suffers from "(1) anemia; (2) prediabetes; (3) vitamin deficiency; (4) cardiac arrhythmia; (5) Bifascicular block; and (6) Tobacco smoker for 30 years." (Def.'s Mot. at 7, ECF No. 187.) The CDC does report that "[b]eing a current or former cigarette smoker increases your risk of severe illness from COVID-19." *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). However, Rodriguez-Jimenez' status as a smoker alone "do[es] not automatically render [his] situation extraordinary and compelling . . . even in light of the COVID-19 pandemic." *United States v. Batista*, No. 18-CR-319, 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (denying motion for compassionate release even assuming that the defendant's history as a smoker "independently increas[ed] her risk of severe illness from COVID-19"); *see also Saxon v. United States*, No. 12-CR-320, 2020 WL 4548078, at *3 (S.D.N.Y. Aug. 5, 2020) (finding that "being a smoker and having high blood pressure are common conditions that do not rise to the level of extraordinary and compelling circumstances warranting release").

The other health conditions that Rodriguez-Jimenez contends place him at a high risk for COVID-19 infection—anemia, prediabetes, vitamin deficiency, cardiac arrhythmia, and bifascicular block—do not appear on the Centers for Disease Control and Prevention's list of high-risk conditions. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). And at fifty years old, Rodriguez-Jimenez does not fall within a severe-risk age group for COVID-19 illness. *See* PSR at 2, ECF No. 130; *cf. Older Adults*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Sept. 11, 2020).

Further, the conditions at FCI Gilmer do not suggest an inordinately high danger of COVID-19 infection. Out of over 1,300 inmates at FCI Gilmer, Def.'s Mot. at 34, ECF No. 187, only 47 inmates are currently positive for COVID-19. *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Nov. 5, 2020). As such, the Court does not find that Rodriguez-Jimenez's health conditions, in conjunction with the danger of COVID-19 infection at FCI Gilmer, establish an "extraordinary and compelling reason" for a sentence reduction.

Even if Rodriguez-Jimenez could establish extraordinary and compelling reasons for a sentence reduction, the Court does not find that "the factors set forth in section 3553(a)" favor such a reduction. 18 U.S.C. § 3582(c)(1)(A). These factors mandate consideration of, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

2

Although Rodriguez-Jimenez notes that he will almost certainly be deported to Mexico upon release, where he "has a release plan to ensure his safe transition to his community," Def.'s Mot. at 36, ECF. No. 187, this contention cannot overcome the factors that supported his original sentence of 360 months' incarceration. His conduct was serious. He participated in a massive international drug-trafficking and money laundering organization that distributed hundreds of kilograms of cocaine and heroin throughout the United States while laundering the narcotics proceeds through purportedly legitimate business activities. (PSR ¶¶ 19, 23, ECF No. 114.) Within that conspiracy, Rodriguez-Jimenez himself was responsible for conspiring to launder $284 million in narcotics proceeds. (PSR ¶ 63, ECF No. 114.) Given the gravity of his offenses, the Second Circuit affirmed Judge Forrest's sentence of 360 months on May 18, 2020, noting that the district court "carefully considered the relevant 18 U.S.C. § 3553(a) factors" but determined that "these factors were outweighed by . . . the magnitude and extent of the money laundering activity at issue." *United States v. Rodriguez-Jimenez*, 804 F. App'x 110, 111 (2d Cir. 2020).

Nor has Rodriguez-Jimenez served a substantial part of his sentence. The Sentencing Guidelines' advisory range for his offenses was life in prison. (PSR ¶ 114, ECF No. 114.) Because the Guidelines range exceeded the statutorily authorized maximum for his offenses, the Guidelines sentence was reduced to 360 months. (*Id.* ¶ 13.) Projected to be released in 2044, Rodriguez-Jimenez has served less than eight percent of this 360-month sentence. (Def.'s Mot. at 6, ECF No. 187.) Under these circumstances, the Court cannot find that the section 3553(a) factors support his requested sentence reduction.

For the reasons set forth above, Rodriguez-Jimenez has not established extraordinary and compelling reasons for a sentence reduction, and the section 3553(a) sentencing factors similarly do not favor a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Rodriguez-Jimenez's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant at the following address: Jesus Rodriguez-Jimenez [53343-048], FCI Gilmer, Federal Correctional Institution, P.O. Box 6000, Glenville, WV 26351.

Dated: New York, New York
November 6, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

3